Argued and submitted June 10, affirmed August 24, 1983

# YARBROUGH et al,
*Respondents - Cross-Appellants,*

*v.*

# THE OREGON BANK,
*Appellant - Cross-Respondent,*

## (118395; CA A25446)

668 P2d 451

Stuart M. Brown, Portland, argued the cause for appellant - cross-respondent. With him on the briefs was Tonkon, Torp, Galen, Marmaduke & Booth, Portland.

John M. Berman, Portland, argued the cause for respondents - cross-appellants. With him on the briefs were Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Michael E. Kohlhoff, and Kohlhoff & Moen, Portland.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs brought this action to recover damages for losses they sustained in connection with a real property investment. Plaintiffs contend that their damages were caused by defendant bank's breach of a contract made by its agent to supervise and perform other services related to remodeling a house on the property and by the agent's negligent misrepresentations concerning the cost of remodeling and other matters. The bank appeals, and plaintiffs cross-appeal from the judgment awarding damages to plaintiffs. The basic issue is whether the bank is bound by the agent's actions.

In 1977, defendant DeVries,[1] a loan officer employed by the bank, contacted plaintiffs and informed them of an opportunity to purchase, remodel and ultimately resell a house in Salem. DeVries made representations to plaintiffs concerning the cost of the necessary remodeling, and he agreed that he would supervise the remodeling and provide other services in connection with it. There was evidence to support *either* a finding that plaintiffs and DeVries understood that the latter's supervisory services would be performed, in part at least, as the bank's agent, or a finding that the services would be offered solely in his personal capacity. It was clear, however, that DeVries was personally to receive a share of any profit from the resale of the house. DeVries arranged loans from the bank to plaintiffs to finance the purchase and remodeling. There was evidence that DeVries' superior at the bank was aware of the purpose of the loans. After all of the loans were made, DeVries resigned his position with the bank. He nevertheless remained involved in the remodeling project, and there was evidence that plaintiffs understood that he was continuing to act on the bank's behalf. The bank argues that DeVries had no authority to make the loans or to contract for the bank with respect to the remodeling project. However, there was evidence that the bank agreed to continue the loan arrangement after plaintiffs apprised bank officers other than DeVries about the surrounding circumstances. Ultimately, both the remodeling project and the supervisory and related efforts by DeVries were performed inadequately, resulting in financial loss to plaintiffs.

---

[1] The bank sought and was awarded indemnity damages against DeVries. That award is not challenged in this appeal.

Plaintiffs alleged in separate counts, respectively, that the bank breached the contract to supervise and perform other services connected with the remodeling,[2] made negligent misrepresentations, negligently failed to supervise DeVries and, in any event, was responsible for any agreements reached by plaintiffs and DeVries because the bank ratified the agreements. The trial court directed a verdict for the bank on the negligent supervision count. The jury found for plaintiffs on the other three counts, but awarded damages only on the ratification count. The court subsequently granted the bank's motion for judgment notwithstanding the verdict as to the other two counts. Hence, the judgment for plaintiffs was based solely on their ratification theory.

The bank's basic contention on appeal is that DeVries lacked authority to bind the bank and that plaintiffs were charged with knowledge of that fact. The bank assigns as one error denial of its motion for a directed verdict and explains:

"* * * The motion was based upon the uncontroverted evidence showing that the contract upon which plaintiffs base their claim was a contract between plaintiff and defendant DeVries personally, in which defendant DeVries intended to make a profit. * * *"

The bank also argues that the court erred in the instruction it gave and in refusing to give two requested instructions pertaining, first, to the presumptive lack of authority of an agent to bind a principal if the agent has a personal interest in the subject matter and, second, to the "duty of inquiry" of third parties who deal with an agent whom they know or should know has such a personal interest.

The bank relies on *Fine v. Harney Co. National Bank,* 181 Or 411, 170 P2d 365, 182 P2d 379 (1947), where the court stated:

"It is an established principle of the law of agency that an agent cannot bind his principal in a matter in which his own interest conflicts with the duty he owes his principal. * * * So it is held, when the question is as to the interpretation of an authority expressly conferred, 'that a general power or authority given to the agent to do an act in behalf of the principal

---

[2] The parties and the trial court describe this count as alleging promissory estoppel. The characterization is not important for purposes of this opinion.

does not extend to a case where it appears that the agent himself is the person interested on the other side. If such a power is intended to be given, it must be expressed in language so plain that no other interpretation can rationally be given it, for it is against the general law of reason that an agent should be intrusted with power to act for his principal and for himself at the same time.' * * *

"* * * * *

"* * * The fact that the bank officer is personally interested in a transaction of this character is sufficient to put the creditor upon notice of the extent of the former's authority. * * *

"* * * * *

"* * * The question concerns the officer's authority, and, if the party dealing with him knows or is charged with knowledge that his authority does not extend to the business in hand unless it has been especially conferred, then the duty of inquiry arises; otherwise he acts at his peril. * * *" 181 Or at 447-51.

The bank argues that plaintiffs were or should have been aware that DeVries was "interested," because he had an ultimate financial stake in the resale of the house. Therefore, the bank reasons, plaintiffs had a duty to inquire whether DeVries had authority "especially conferred" to bind the bank and cannot hold the bank accountable for DeVries' unauthorized actions.

Plaintiffs contend that all of the bank's arguments on appeal relate to whether DeVries had authority to enter into the transaction on the bank's behalf and that those arguments cannot support a reversal in light of the fact that the judgment was based on ratification.[3] The bank argues in response:

"* * * [B]ecause of the relationship between plaintiffs and defendant DeVries, plaintiffs were chargeable with knowledge of the extent of defendant DeVries' authority at the time of contracting. Possession of such knowledge meant that plaintiffs knew defendant DeVries had no authority to make any agreement on behalf of defendant Oregon Bank binding the Oregon Bank to supervision of the remodeling of plaintiffs' building. The agreement of defendant DeVries to supervise the remodeling was, therefore, an agreement made only on his own

---

[3] Plaintiffs also contend that the bank's counsel consented to and expressly agreed to the trial court's giving a modified form of one of the requested instructions the bank contends the court erred by not giving. Our reading of the record does not substantiate plaintiffs' contention.

behalf and not that of defendant Oregon Bank. Plaintiffs, given their 'knowledge' of defendant DeVries' lack of authority, were fully aware of this situation at the time the agreement was made. The intent of the parties at the time of contracting, therefore, was to bind only defendant DeVries and not defendant Oregon Bank.

"Defendant Oregon Bank can be adjudged to have ratified only contracts made for them or in their name—a proposition which plaintiffs recognize. Since plaintiffs initially could never have believed or intended that defendant Oregon Bank was a party to the 'supervision' agreement (because of their 'knowledge' of defendant DeVries' authority), there is no 'agreement' to be ratified and defendant Oregon Bank cannot be held liable for damages caused by a failure to supervise the remodeling."

■     We disagree with the bank's argument. A principal can ratify after the fact any act he could but did not authorize his agent to perform on his behalf before the fact. Restatement (Second) of Agency, § 84 (1958). The bank does not argue that it *could not* have authorized DeVries to bind the bank to the loan and remodeling agreements with plaintiffs. What the bank appears to be arguing is that it *did not* authorize him to do so; that, under *Fine v. Harney Co. National Bank, supra,* plaintiffs were charged with knowledge of DeVries' lack of authority; and therefore, as a matter of law, that any agreements reached were intended to be between plaintiffs and DeVries personally; and so there was nothing the bank could ratify. Assuming the correctness of the bank's premises, we do not think its conclusion follows.

■     The bank does not appear to dispute—and we conclude—that there was evidence from which the jury could find that DeVries *purported* to be contracting with plaintiffs on behalf of the bank. It may be that, under *Fine,* plaintiffs could not have held the bank to the agreements at the time they were entered into. However, we do not share the bank's apparent understanding of *Fine* that an agreement by an "interested" agent not only cannot bind the principal *ab initio,* but also cannot be ratified by the principal in whose name it is purportedly made. *See* Restatement (Second) of Agency, § 85 (1958). *Fine* says nothing about ratification. It does say, however, that a principal can "especially confer" authority on an agent whose interests are adverse to the principal's. There is no reason why

acts of an "interested" agent that the principal could have authorized are any less subject to ratification than are the acts of any other agent. We conclude that DeVries' acts were susceptible to ratification, and we agree with plaintiffs that the bank's arguments on appeal provide no basis for reversing the judgment, which was based on the jury's finding that ratification occurred.[4]

■    Plaintiffs contend in their cross-appeal that the court erred by directing a verdict for the bank on the count that it negligently failed to supervise DeVries. The bank argues that the notice of cross-appeal was untimely and that the cross-appeal should be dismissed. The notice of cross-appeal was filed well within 30 days after the judgment. However, the trial court's order ruling on the bank's motion for judgment *n.o.v.* was filed substantially more than 30 days before the cross-appeal was taken. The bank argues that, under ORS 19.026,[5] the date of entry of the order deciding the motion for judgment *n.o.v.* rather than the date of entry of the judgment is the time

---

[4] Plaintiffs argue:

"* * * [T]he Bank should be assessed 10% penalty damages because neither of its Assignments of Error even relate to the theory upon which judgment was entered and the appeal is frivolous on its face."

We do not agree that the appeal is frivolous.

[5] ORS 19.026 provides:

"(1) Except as provided in subsections (2) and (3) of this section, the notice of appeal shall be served and filed within 30 days after the entry of the judgment appealed from.

"(2) Where any party has served and filed a motion for a new trial or a motion for judgment notwithstanding the verdict, the notice of appeal of any party shall be served and filed within 30 days after the earlier of the following dates:

"(a) The date of entry of the order disposing of the motion.

"(b) The date on which the motion is deemed denied, as provided in ORCP 63 D. or 64 F.

"(3) Any other party who has appeared in the action, suit or proceeding, desiring to appeal against the appellant or any other party to the action, suit or proceeding, may serve and file notice of appeal within 10 days after the expiration of the time allowed by subsections (1) and (2) of this section. Any party not an appellant or respondent, but who becomes an adverse party to a cross appeal, may cross appeal against any party to the appeal by a written statement in the brief.

"(4) When more than one notice of appeal is filed, the date on which the last such notice was filed shall be used in determining the time for preparation of the transcript, filing briefs and other steps in connection with the appeal."

from which the 30 days for appealing should be measured. Neither party cites authority that answers the question expressly.

The purpose of ORS 19.026(2) is to *extend* the time for appealing when motions for new trial or judgment *n.o.v.* are made. *See, e.g., Crooks v. Payless Drug Stores,* 285 Or 481, 486, 592 P2d 196 (1979). Under ORS 19.026(1), a notice of appeal is timely if it is filed within 30 days after entry of the judgment appealed from. We conclude that, if an order disposing of a motion for judgment *n.o.v.* is entered before the judgment, that does not have the effect of shortening the time for appeal provided by ORS 19.026(1). We hold that we have jurisdiction over the cross-appeal.

■ The damages plaintiffs sought to recover by the negligent supervision count that was taken from the jury were identical to the damages they sought through the ratification count on which they prevailed. Although plaintiffs were awarded less than the amount of their prayer, there was no basis for the jury to find different or additional damages under plaintiffs' alternative theories to recover for the same injury.[6]

Affirmed.[7]

---

[6] Plaintiffs stated in their trial brief:

"Under each of the plaintiffs' theories, the measure of damages requested by plaintiffs is the same, out-of-pocket damages, and such are recoverable under each theory. * * *"

[7] As indicated, *see* n 1, *supra,* DeVries does not appeal from the indemnity award to the bank. We therefore need not consider whether that award can be reconciled with the verdict against the bank on the ratification issue.